**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:48 am, Mar 30, 2018

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>15-11081</u> |
| TRACIE N. JORDAN, a/k/a Tracie Beale | ) ) ) | |
| Debtor | ) ) | |

## OPINION AND ORDER

Before the Court is a Motion for Turnover of Excess Funds filed by Tracie N. Jordan ("Debtor") requesting the Chapter 13 Trustee ("Trustee") turnover $644.12 mailed to the Trustee as an "escrow overage" from Wells Fargo Home Mortgage ("Wells Fargo"). The Trustee objects arguing the money is property of the bankurptcy estate which Debtor has not disclosed or exempted. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (E) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Debtor's motion is denied to the extent Debtor does not amend her schedules to disclose and exempt the funds.

## FINDINGS OF FACT

The Trustee and Debtor have stipulated to the following

AO 72A
(Rev. 8/82)

facts:

1. Debtor Tracie N. Jordan filed her chapter 13 petition and plan on July 10, 2015.

2. A modified plan (ECF No. 14) was filed on August 14, 2015, providing a 0% dividend or a prorated share of $25.00, whichever is greater.

3. The Order Confirming Plan was entered on November 6, 2015 (ECF No. 32). Paragraph 6 of the Order provides that "[p]roperty of the estate revests in the Debtor upon confirmation pursuant to 11 U.S.C. Section 1327."

4. Wells Fargo Bank, N.A. was listed as a secured creditor in Debtor's bankruptcy and filed Proof of Claim No. 4 on August 7, 2015, and amended on February 10, 2016. Said claim was secured by a security deed on Debtor's residence.

5. The Debtor's confirmed plan provides that she will make post-petition payments direct to Wells Fargo Home Mortgage beginning August 1, 2015, and that the initial monthly payment to Wells Fargo will be $486.26.

6. On April 20, 2017, Wells Fargo Home Mortgage mailed a check to the Chapter 13 Trustee's Office in the amount of $644.12. Said funds were described as an escrow overage resulting from Wells Fargo's annual review of Debtor's mortgage account.

7. The Chapter 13 Trustee's Office received the escrow overage funds of $644.12 and posted them to Debtor's account on April 26, 2017. Trustee is still holding said funds.

8. On April 27, 2017, the Chapter 13 Trustee's Office forwarded a copy of Wells Fargo's correspondence to Debtor's counsel notifying counsel of the Trustee's receipt of said funds. The Trustee's letter directed Debtor's counsel to file an appropriate motion within 21 days if the Debtor wished to claim the funds. A copy of the Trustee's correspondence, with attachments, is attached [to Dckt. No. 47] as Exhibit A.

9. On April 28, 2017, Wells Fargo filed a Notice of

AO 72A
(Rev. 8/82)

Mortgage Payment Change calculating the escrow overage and changing Debtor's monthly payment from $459.96 to $432.61 effective June 1, 2017.

10. On June 23, 2017, Debtor's counsel filed a Motion for Turnover of Excess Funds (ECF No. 42).

11. On June 29, 2017, the Chapter 13 Trustee's Office objected to the motion for turnover on the basis that Debtor had not disclosed or exempted said funds (ECF No. 45).

12. As of August 15, 2017, Debtor is current on payments to the Chapter 13 Trustee pursuant to her confirmed plan.

13. As of August 15, 2017, Debtor has not amended her schedules or exemptions.

14. Debtor has not exhausted her exemptions available with respect to the escrow overage.

Dckt. No. 47, Joint Stipulation of Facts.

## CONCLUSIONS OF LAW

Debtor contends the escrow overage was created by Debtor's post-petition mortgage payments which are paid outside of the plan and are not property of his bankruptcy estate under 11 U.S.C. §1327(b) and Telfair v. First Union Mortgage Corp.(In re Telfair), 216 F.3d 1333, 1340 (11th Cir. 2000) and therefore the escrow overage should be returned to Debtor. Conversely, the Trustee argues pursuant to 11 U.S.C. §1306 and Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1242-43 (11th Cir. 2008), the escrow overage is property of Debtor's bankruptcy estate. The Trustee concedes the escrow overage is not necessary for plan fulfillment as Debtor is current in her plan payments. There also is no dispute

3

AO 72A
(Rev. 8/82)

that all the overage is associated with post-confirmation mortgage payments.

This Court has considered this precise issue in the case of <u>In re Doolittle</u>, Chapter 13 Case No. 16-11048, Dckt. No. 43, <u>slip op.</u> (Bankr. S.D. Ga March 30, 2018). The Court adopts and incorporates by reference the reasoning and holding set forth in <u>Doolittle</u> that the post-confirmation escrow overage is property of the bankruptcy estate. <u>See</u> <u>In re Doolittle</u>, Chapter 13 Case No. 16-11048, Dckt. No. 43, <u>slip op.</u> (Bankr. S.D. Ga March 30, 2018). However, unlike Doolittle, Debtor has exemptions available that may be used to retain these funds.

For the reasons set forth in the <u>Doolittle</u> opinion, Debtor's motion for Turnover is ORDERED DENIED to the extent Debtor does not amend her schedules to disclose and exempt the funds. Within fourteen (14) days of the date of this order, Debtor shall amend her bankruptcy schedules to disclose and possibly exempt the escrow overage. The Clerk is directed to set a hearing to consider any issues related to Debtor's amendment to schedules, including any exemptions claimed.

_____
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
This 30th of March 2018.

4